GEORGE STRAMLER )
  .V.      )  CHANCERY.
MASTERSON'S HEIRS. )

The complaint is, that Masterson, in his lifetime, purchased, and obtained a conveyance from William McDowell, for 800 acres of land; that the complainant afterwards purchased of Masterson 1350 acres, of which the 800 acres was a part; that he agreed to accept, and did receive from McDowell a conveyance for the whole of the land, and that Masterson delivered up to McDowell the conveyance previously made for the 800 acres. That at the time a conveyance was received from McDowell, the complainant believed him to be of full age, whereas he was a minor, which fact was known to Masterson. That he gave to Masterson his bond to secure the purchase money, having before accidentally discovered that McDowell was under age; and that the reason why he gave his bond after this discovery was because McDowell assured him that he would ratify and confirm the contract after he should attain full age. The bill further alleged that the

land was taken away by prior claims, of which claims Masterson had a knowledge when he sold to the complainant. It is also alleged that McDowell, after he attained full age, refused to ratify the conveyance, and that Masterson was about to enforce the payment of the bond.

The prayer of the bill is, that the complainant may have an injunction, and that the contract with Masterson may be annulled.

Masterson, by his answer, alleges that he had purchased and paid McDowell for the land, and that it was a part of his agreement with Stramler that he should accept a conveyance from McDowell, and discharge Masterson from all responsibility. He denies that he knew of McDowells' infancy, or that he had any knowledge of prior claims.

The complainants case rests upon an alleged concealment of facts, and before he can succeed, it is incumbent on him to establish this by proof; because in contracts with regard to the sale of real property the obligation on the vendor ought not to be extended beyond the intention of the parties. In this case there is no pretence that Masterson is liable upon any express stipulation, and if he is responsible, it can only be upon the ground that in making the contract itself he was guilty of what would be denominated a fraud. How then stand the case with respect to the infancy of McDowell when the conveyance was made? *(1)* The proof is far from making it evident that he was really at that time an infant; but suppose that point is established, there is no satisfactory evidence that Masterson knew it. Fraud must be proved, and to establish the point in opposition to Masterson's answer, there ought to be either the proof of two witnesses, or

76

one witness and strong validating circumstance. Here, there is no such proof, and if we believe the fact, it must be by deducing it from vague circumstances hardly sufficient to produce suspicion. The witnesses speak of a conversation with Masterson, long after the contract, and only show that Masterson, at the time of the conversation, knew the fact of McDowell's infancy; but whether he knew it at the time of the contract, they give no satisfactory information. The complainant, in his bill, shows that he was apprised of the fact before he gave his bond, and depended upon McDowell's promise to ratify the conveyance when he attained full age; what effect this statement would have if the alleged concealment had been proved, it is not now necessary to decide.

Upon this ground, therefore, Stramler is not entitled to the interposition of this court.

When we come to the question as to the prior titles, the case is no better. No other title is shown; and if one were shown, there is no satisfactory proof that Masterson knew of it.

(2) How this matter will end between Stramler and McDowell, we know not. Infancy is a personal matter of which the infant and his privies alone can take advantage to avoid the contract: it is not an objection of which a stranger can be availed.

We have no reason to believe that McDowell has, or ever will, set up any claim to this land; but be this matter as it may, it is a concern not affecting Masterson. The bill must, therefore be dismissed.

HAYES, HAYWOOD & COOKE, for the complainant.

TRIMBLE, for the defendants.